Booth, Judge,
delivered the opinion of the court.
The plaintiff brings this suit to recover for an alleged infringement of his patents. The case is here under the act of July 1, 1918, 40 Stat. 705, and compensation is sought for infringement of claim 2 of patent No. 945873 and claims 1, 6, and 7 of patent No. 1066161. The patents involved relate exclusively to oil burners. The plaintiff was granted Letters Patent No. 945873 on January 11, 1910, and Letters Patent No. 1066161 on July 1,1913.
The pertinent inquiry, in fact the crux of the issue, depends entirely upon whether the plaintiff’s patents, in view of the prior art, are entitled to a broad construction, at least sufficiently broad to cover the devices used by the defendant, for it must be conceded that in all respects the devices are not identical, and unless the plaintiff may by the récord in the case establish a user of a device, upon the mechanical construction of which his claims may be read, he may not recover.
It is a well-known and long-established precedent that where the prior art has inevitably narrowed the field of invention, and a patentee thereafter projects himself therein, and does no more than accomplish in a new and novel way a result long since accomplished, he can not assert the right of a primary patentee to extend his patent beyond the express limitations of his claims. Singer Manufacturing Co. v. Cramer, 192 U. S. 265.
Beginning in 1899, and from thenceforward, as shown by the numerous inventions set out in the findings, many inventors turned their attention to oil burners. The patents without exception disclose two essential elements, not to be dispensed with in all devices to be employed as oil burners, i. e., the element of atomization and the admission of air to cause combustion. The inventors, therefore, were and have been continuously employed in conceiving a device which would so function as to produce the greatest efficiency in this respect. The plaintiff dedicated to this purpose his two inventions. His first improvements, for which he secured Letters Patent No. 945873, is precisely stated in his specifications as intended to accomplish a fourfold purpose — first, “ to construct a burner which will efficiently burn any of the *32 different kinds of fuel oil used in practice; second, to reduce 'to a minimum tbe amount of air or steam used as an atomizing agency when starting tbe flame; third, to produce an oil spray which, when under normal firing conditions, will be sufficiently atomized to cause perfect combustion without the aid of an external atomizing fluid; and, fourth, to render the system simple and easily accessible for cleaning.” The device which was brought into existence to bring about these contemplated results was expressly designated by. the inventor “ to be an improvement in oil burners in which the oil is atomized principally by mechanical means.” Claim 2 of the above patent, the only one alleged to be infringed by the defendant, is somewhat general in language, but when read in conjunction with the specifications and detail references to the drawings, it is manifest that the inventor was claiming novelty for a device so constructed as to produce a higher degree of atomization than the old devices had produced by purely mechanical means. The claim recites: “A nozzle having a restricted discharge orifice, and independent inlets for a gaseous fluid and a liquid, there being a passage from each of said inlets to the discharge orifice, said passages having a portion in common which forms a mixing chamber, and each of said passages being arranged to produce a rotary motion in the fluid passing therethrough toward the discharge orifice.” The plaintiff does not contend that a restricted discharge orifice in an oil-burner nozzle is new; neither may he assert that producing atomization by a violent whirling motion is new. As a matter of course, in any device there must at least be a passage for the introduction of oil, so the improvement designed is necessarily restricted to the creation of a device so constructed that oil and steam may enter simultaneously at varying degrees of pressure into the mixing chamber he constructs, so that he may not only add to the velocity of rotation produced by mechanical means, but appreciably and effectively in disintegrating the oil and producing a much more perfect atomization of the same. While this may not be said to be a strictly mechanical device, still if you remove the element of gaseous fluids introduced in the mixing chamber you have the old mechanical method, old in the art, and the one the inventor *33 was intending to improve. We can not escape this construction of the claim, because the plaintiff says in his specifications : “ When starting the combustion, however, conditions are such that auxiliary means are useful to bring desired results. At this stage the oil should preferably be diluted with air, steam, or other gaseous fluid, which affords an additional agency for not only inducing a strong current of air supply, but also for distributing the atomized oil through a large volume.” The auxiliary means employed to improve the old mechanical process was the introduction tangentially into the mixing chamber of the gaseous fluids as described for the express purpose hereinbefore alluded to. If the Government did not use this device, it is not an infringer.
In 1913 the inventor, a distinguished and expert mechanic, again secured Letters Patent No. 1066161 for improvements in oil burners, and it is now insisted that claims 1, 6, and 7 of this patent were infringed by the defendant. The imperfections, among many others, which he was seeking to remedy in the last device, as appears from the specifications, was the apparent inability of the old device to so atomize the oil that it might be readily ignited in the combustion chamber on a cold morning without producing too great a volume of smoke, and that certain qualities of oil, particularly California oil — of which State the inventor was a resident — could not be readily heated so that it would flash into a vapor upon delivery from the nozzle, where mechanical means of atomization were alone employed. Another serious defect of the old inventions was the restricted delivery orifice, which because of its size was subject to choking up. To overcome these apparent defects the plaintiff designed a device which retained the idea of a mixing chamber but completely reversed the method of accomplishing the result. Instead of introducing the gaseous fluids into the chamber immediately surrounding the means adopted to produce a whirling motion, and there mixing the oil and gaseous fluids prior to their discharge through the restricted orifice, a separate casing was attached to and entirely surrounding the nozzle, with a much larger but still restricted orifice, concentrically located as to the smaller one, into which the gaseous *34 fluids are introduced, passing through the casing in a whirling motion, thereby securing the coveted heating and greater atomization of the oil after it leaves the small and first restricted orifice, resulting, as claimed, in a much expanded triangle of vaporization and greatly improved atomization, and facilitating the use of any quality of fuel oil.
We set forth claims 1, 6, and 7 in the margin.[1]
Claim 1 covers in detail the detached device, and claims 6 and 7 the identical device in combination with a furnace. Heading the claims involved in the light of the specifications and the prior art, it is not for us to say in this litigation that the plaintiff failed in any particular to reach the goal he set out to negotiate. Granting the validity of all he claims, it must be conceded that if a user is content with a device falling short of attaining the perfection the patent in suit attains, we can not hold him responsible as an infringer if he does not trespass upon the newer and improved device by adopting its mechanism to attain the desired end. Neither may we do so if the alleged infringer attains by another and distinct device the very same result if the art is so narrow as to. preclude the assertion of a claim for more than an identic device to accomplish a purpose long since accomplished and old in the art. The plaintiff’s patents, as we conceive them, are, so far as the record discloses, admirably adapted to secure an improved degree of atomization of fuel oil. The method he points out sets before the public a device which utilizes the agencies indispensable to be utilized, agencies *35 well known and long employed, to attain improved atomization and fuel combustion and afford a practical oil burner, but we are unable to perceive that the plaintiff nas done more than this. The history of the patents in the Patent Office is confirmative evidence of this fact. From an already crowded art he evolved a distinct device, differing in some important particulars from previous ones. For this device he secured letters patent, and unless the defendant seizes upon his patented device and takes advantage of the new and improved essential functioning elements of his device it is not an infringer of the same. Greene v. Buckley, 135 Fed. 520.
If we are correct in the foregoing conclusion, the defendant is innocent of infringement. The defendant in its devices does not, and has not for a period antedating the granting of plaintiff’s patent, used steam or other gaseous fluids in the process of atomization. The defendant made and used a device designated in the art as a mechanical oil burner, and in this device atomization is the result of mechanical means. The defendant’s oil nozzle is devoid of any casing-attached thereto, and it does not employ a mixing chamber where the oil and gaseous fluids are mixed prior to discharge into the combustion chamber. Atomization in the defendant’s device is produced by pressure and the rotation of the oil as it issues from the nozzle unaided by any extraneous gaseous fluids introduced into the nozzle or attached casing. We need not speak in detail of means employed to use air for combustion. Both employ an air register, manifestly old in the art. The record furnishes ample room for the statement that what the defendant made and used, and is now using, is substantially the old mechanical oil burner without the improvements claimed for in plaintiff’s letters patent.
We have not been able to illustrate the defendant’s device, as we have the plaintiff’s, because the size of the drawings preclude their reproduction at any reasonable expense. So we must be content with making the same part of the findings by reference.
A large number of authorities have been cited in the briefs filed. It is quite unnecessary to 'review them in detail. The fundamental principles of differentiation are obvious and *36 elementary. The case presents to us the one issue, adverted to in the beginning of this opinion. We have been unable after mature deliberation to escape the conclusion that the plaintiff’s claims to invention may not under the law be accorded a Avider scope than the bringing into existence of improvements to a device old in the art, Avell known to the public, and in settled use. That the defendant did not make or use this identic device as improA^ed is apparent from a mere examination of its exhibits. It seems to us impossible to read the claims of the plaintiff’s patent alleged to be infringed upon the mechanical construction of the defendant’s device.
There are several other defenses interposed to the plaintiff’s right of recovery. We have given them consideration, but regard it as unnecessary to discuss them in view of what has been said. It would not do to say they are entirely without merit, but inasmuch as the issue may be determined without recourse thereto, we have deemed it unnecessary to prolong this opinion.
• The petition will be clismissd. It is so ordered.
Graham, Judge; Hat, Judge; DoavNioy, Judge; and Campbell, Chief Justice, concur.

 “ 1. A nozzle having a small discharge orifice, means immediately adjacent to said orifice for producing a whirling motion in a liquid fluid passing therethrough, a easing surrounding said nozzle and having a restricted discharge port concentric with said orifice and means for causing a gaseous fluid passing through the space within said casing to enter said port in a whirling current.
“ 6. In combination, a furnace having an admission hole through its easing, a nozzle having means for projecting a hollow cone-shaped film of oil from a round unobstructed delivery orifice into said furnace through said hole, means surrounding said nozzle for producing a whirling stream of gaseous fluid directed so as to penetrate said film of oil and means for supplying air into the furnace thi-ough said hole.
“ 7. In combination, a furnace having an admission hole through its casing, a lining of refractory material for said hole, a nozzle having means for projecting a hollow cone-shaped film of oil into said furnace through said hole, means surrounding said nozzle for producing a whirling stream of gaseous fluid directed so as to penetrate said film of oil, and means for supplying air into the furnace through said hole.”